CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act. |
| **The Pep Boys Manny Moe & Jack of California,** a California Corporation; and Does 1-10, | |
| Defendants. | |

Plaintiff Scott Johnson complains of The Pep Boys Manny Moe & Jack and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2.  In March 2015, Defendant The Pep Boys Manny Moe & Jack was the

Complaint

real property owner of the building/parcel located at or about 520 Contra Costa Boulevard, Pleasant Hill, California.

3.   In April 2015, Defendant The Pep Boys Manny Moe & Jack was the real property owner of the building/parcel located at or about 520 Contra Costa Boulevard, Pleasant Hill, California.

4.   In May 2015, Defendant The Pep Boys Manny Moe & Jack was the real property owner of the building/parcel located at or about 520 Contra Costa Boulevard, Pleasant Hill, California.

5.   In June 2015, Defendant The Pep Boys Manny Moe & Jack was the real property owner of the building/parcel located at or about 520 Contra Costa Boulevard, Pleasant Hill, California.

6.   Defendant The Pep Boys Manny Moe & Jack is the current real property owner of the building/parcel located at or about 520 Contra Costa Boulevard, Pleasant Hill, California.

7.   In March 2015, Defendant The Pep Boys Manny Moe & Jack was the business owner of Pep Boys, located at or about 520 Contra Costa Boulevard, Pleasant Hill, California ("Pep Boys").

8.   In April 2015, Defendant The Pep Boys Manny Moe & Jack was the business owner of Pep Boys.

9.   In May 2015, Defendant The Pep Boys Manny Moe & Jack was the business owner of Pep Boys.

10. In June 2015, Defendant The Pep Boys Manny Moe & Jack was the business owner of Pep Boys.

11. Defendant The Pep Boys Manny Moe & Jack is the current business owner of Pep Boys.

12. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of,

Complaint

and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

14. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

15. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

16. Pep Boys is a facility open to the public, a place of public accommodation, and a business establishment.

17. Parking is one of the facilities, privileges and advantages offered by Defendants to patrons of Pep Boys.

18. And although Pep Boys had five parking spaces marked and reserved for persons with disabilities in March 2015, Defendants failed to maintain the disabled parking spaces in compliance with the Americans with Disabilities

Complaint

Act Accessibility Guidelines (ADAAG).

19. In March 2015, the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

20. In March 2015, the access aisles adjacent to the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

21. In March 2015, the parking spaces marked and reserved for persons with disabilities did not have the required "Minimum Fine $250" signage.

22. In March 2015, there were built-up curb ramps running into the access aisles adjacent to the disabled parking spaces.

23. In March 2015, these curb ramps caused slopes greater than 2%.

24. And, in March 2015, these ramps were not accessible because they were not protected by either handrails or guardrails, or flared sides.

25. In April 2015, Defendants failed to maintain their disabled parking spaces in compliance with the ADAAG.

26. In April 2015, the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

27. In April 2015, the access aisles adjacent to the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

28. In April 2015, the parking spaces marked and reserved for persons with disabilities did not have the required "Minimum Fine $250" signage.

29. In April 2015, there were built-up curb ramps running into the access aisles adjacent to the disabled parking spaces.

30. In April 2015, these curb ramps caused slopes greater than 2%.

31. In April 2015, these ramps were not accessible because they were not protected by either handrails or guardrails, or flared sides.

32. In May 2015, Defendants failed to maintain their disabled parking

Complaint

spaces in compliance with the ADAAG.

33. In May 2015, the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

34. In May 2015, the access aisles adjacent to the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

35. In May 2015, the parking spaces marked and reserved for persons with disabilities did not have the required "Minimum Fine $250" signage.

36. In May 2015, there were built-up curb ramps running into the access aisles adjacent to the disabled parking spaces.

37. In May 2015, these curb ramps caused slopes greater than 2%.

38. In May 2015, these ramps were not accessible because they were not protected by either handrails or guardrails, or flared sides.

39. In June 2015, Defendants failed to maintain their disabled parking spaces in compliance with the ADAAG.

40. In June 2015, the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

41. In June 2015, the access aisles adjacent to the parking spaces marked and reserved for persons with disabilities measured less than 216 inches in length.

42. In June 2015, the parking spaces marked and reserved for persons with disabilities did not have the required "Minimum Fine $250" signage.

43. In June 2015, there were built-up curb ramps running into the access aisles adjacent to the disabled parking spaces.

44. In June 2015, these curb ramps caused slopes greater than 2%.

45. In June 2015, these ramps were not accessible because they were not protected by either handrails or guardrails, or flared sides.

46. Currently, Defendants fail to maintain their disabled parking spaces in

Complaint

compliance with the ADAAG.

47. Currently, the parking spaces marked and reserved for persons with disabilities measure less than 216 inches in length.

48. Currently, the access aisles adjacent to the parking spaces marked and reserved for persons with disabilities measure less than 216 inches in length.

49. Currently, the parking spaces marked and reserved for persons with disabilities do not have the required "Minimum Fine $250" signage.

50. Currently, there are built-up curb ramps running into the access aisles adjacent to the disabled parking spaces.

51. Currently, these curb ramps cause slopes greater than 2%.

52. Currently, these ramps are not accessible because they are not protected by either handrails or guardrails, or flared sides.

53. Plaintiff visited Pep Boys in March 2015.

54. Plaintiff visited Pep Boys in April 2015.

55. Plaintiff visited Pep Boys in May 2015.

56. Plaintiff visited Pep Boys in June 2015.

57. The plaintiff personally encountered these violations and they denied him full and equal access.

58. These barriers caused Plaintiff great difficulty and frustration.

59. Because of the barriers, Plaintiff was forced to either park in a non-disabled space and leave his van open with its lift deployed (to ensure his ability to re-enter) or leave altogether.

60. Plaintiff would like to return and patronize Pep Boys but will be deterred from visiting until the defendants cure the violations.

61. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous

Complaint

alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

62. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

63. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

64. Plaintiff is and has been deterred from returning and patronizing Pep Boys because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize Pep Boys as a customer once the barriers are removed.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

65. Plaintiff re-pleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

66. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

Complaint

67. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by state or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2. The access aisle must extend the full length of the parking spaces it serves. 2010 Standards § 502.3.2. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each such space must be identified with a reflectorized sign permanently posted adjacent to and visible from each stall or space. CBC § 1129B.4. The sign must consist of the International Symbol of Accessibility (♿) in white on a blue background. *Id*. An additional sign or additional language below the symbol of accessibility must state, "Minimum Fine $250" to ensure that the space remains available for persons with disabilities. *Id*.

68. Here, the failure to provide parking spaces at least 216 inches in length is a violation of the ADA.

69. Here, the failure to provide access aisles at least 216 inches in length is a violation of the ADA.

70. Here, the failure to post the required "Minimum Fine $250" is a violation of the ADA.

71. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Here, the access aisle is not level and has a ramp taking up

9

part of the access aisle. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. Specifically, built up curb ramps are not permitted to project into access aisles and parking spaces. *Id.* No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

72. Here the failure to provide level parking is a violation of the ADA.

73. Additionally, if a curb ramp is not protected by handrails or guardrails, it shall have flared sides. 1991 Standards § 4.7.5. Ramps with drop-offs must have curbs, walls, railings, or projecting surfaces that prevent people from slipping off the ramp. 1991 Standards § 4.8.7.

74. Here, the failure to provide edge protection for these ramps is a violation of the ADA.

75. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

76. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the ADA.

77. Given its location and options, Pep Boys is a location that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

78. Plaintiff re-pleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.

79. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

80. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort, or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, *i.e.,* a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

81. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with minor and fleeting physical symptoms, the plaintiff does not value this very modest frustration and physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Complaint

1

Dated: May 28, 2016                    CENTER FOR DISABILITY ACCESS

2

3                                        By: _____
                                         Mark Potter, Esq.
4                                        Attorneys for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint